UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
OY SOLCHART MANAGEMENT AB,          :       08 Civ. 4793 (PKC)
                                 :
            Plaintiff,          :       ECF CASE
                                 :
   - against -              :
                                 :
MOCAMBO SHIPPING LTD. and        :
ICEHILL INDUSTRIES LTD.,          :
                                 :
           Defendants.       :
-----------------------------------------------------------------------X

## AFFIDAVIT OF SERVICE

State of Connecticut  )
                   )   ss:   Town of Southport
County of Fairfield   )

      KEVIN J. LENNON, having been duly sworn, deposes and states the following under

oath:

      1.     I am a member in good standing of the Bar of this Court and an attorney in the

law firm of Lennon, Murphy & Lennon, LLC, which represents the interests of the Plaintiff

herein.

      2.     Notice of the Plaintiff's maritime attachment, including a copy of the Plaintiff's

Verified Complaint and all other pleadings entered in this matter, was provided to the Defendant

on or about May 29, 2008 via DHL in conformity with Local Admiralty Rule B.2. *See Exhibit 1*

*attached.*

      3      Email confirmation of the delivery of Plaintiff's notice of attachment on

Defendant was received on June 2, 2008. *See Exhibit 2 attached.*

Dated: Southport, CT
     June 2, 2008

_____

Kevin J. Lennon

Sworn to and subscribed before me this
2nd day of June 2008.

_____

Commissioner of Superior Court

# EXHIBIT 1

Lennon,
Murphy &
Lennon, LLC

ATTORNEYS AT LAW

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
phone (212) 490-6050
fax (212) 490-6070

www.lenmur.com

Tide Mill Landing
2425 Post Rd. Suite 302
Southport, CT 06890
phone (203) 256-8600
fax (203) 256-8615

mail@lenmur.com

May 29, 2008

*VIA DHL*
**AB Mocambo Shipping Ltd**
**Grigoriou Xenopoule 17**
**Totalserve House**
**3106 Limassol**
**Cpyrus**

Re:    **OY Solchart Management v. AB Mocambo Shipping Ltd. and Icehill Industries Ltd.**
       Docket Number: 08 Civ. 4793
       Our File Number: 1440

Dear Sir or Madam:

We represent the Plaintiff, OY Solchart Management, in the above referenced lawsuit. We write to advise you that pursuant to an ex parte order of maritime attachment and garnishment issued in the above referenced lawsuit, your property was attached at JP Morgan Chase in New York on or about May 27, 2008 in the amount of $116,114.39.

Please find attached to this letter the pleadings filed in the above referenced lawsuit including the Summons, Complaint, Affidavit in Support, Rule 7.1 Statement, Ex-Parte Order, Process of Attachment, and also the Individual Rules for Honorable Judge P. Kevin Castel.

Notice for an initial pretrial conference has been scheduled for July 18, 2008 at 2:30 p.m. in Courtroom 12C at the United States Courthouse, 500 Pearl Street, New York, NY.

Should you have any questions or concerns, please contact us at your convenience.

This letter is sent pursuant to Local Rule B.2 of the Local Rules for the United States District Court for the Southern District of New York.

Very truly yours,

Mary Fedorchak

mef/bhs
Encl.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Southern _____          District of          _____ New York _____

OY SOLCHART MANAGEMENT AB

V.

MOCAMBO SHIPPING LTD. and ICEHILL
INDUSTRIES LTD.,

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

'08 CIV 4793

TO: (Name and address of Defendant)

MOCAMBO SHIPPING LTD.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kevin J. Lennon
Lennon, Murphy & Lennon, LLC
420 Lexington Ave., Suite 300,
New York, NY 10170   (212) 490-6050

an answer to the complaint which is served on you with this summons, within _____ 30 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

MAY 2 2 2008

CLERK

(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL     $0.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
            Date                        *Signature of Server*


                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

08 CIV 4793

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

OY SOLCHART MANAGEMENT AB,                          :    08 Civ. _____

                    Plaintiff,                       :

        - against -                                  :

MOCAMBO SHIPPING LTD. and                            :
ICEHILL INDUSTRIES LTD.,

                    Defendants.                      :

--------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, OY SOLCHART MANAGEMENT AB, ("SOLCHART" or "Plaintiff"), by and

through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against

the Defendants, MOCAMBO SHIPPING LTD. ("MOCAMBO") and ICEHILL INDUSTRIES

LTD. ("ICEHILL") (collectively "Defendants") alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the

breach of a maritime contract of charter. This matter also arises under the Court's federal

question jurisdiction within the meaning of 28 United States § 1331 and the New York

Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et

seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity with a place of business at Helsinki, Finland.

3.      Upon information and belief, MOCAMBO was, and still is, a foreign corporation,

or other business entity organized with a place of business at Limassol, Cyprus.

4.  Upon information and belief, ICEHILL was, and still is a foreign corporation, or other business entity organized under, and existing by virtue of foreign law.

5.  At all material times, Plaintiff was the disponent Owner of the motor vessel "YURIY SAVINOV" (hereinafter the "Vessel").

6.  By a charter party on the Gencon 94 charter party form as confirmed by a fixture recap dated January 15, 2008, Plaintiff voyage chartered the Vessel to MOCAMBO for intended carriage of 13,500 metric tons of bulk chrome between one safe berth, always afloat, always accessible, Iskenderun + Mersin, Turkey to one safe berth port, always afloat, always accessible, St. Petersburg, Russia. A copy of the charter party contract is attached hereto as Exhibit 1.

7.  During the course of the charter, disputes arose between the parties regarding MOCAMBO's failure to pay demurrage due and owing under the charter party. A copy of SOLCHART's demurrage invoice dated March 31, 2008 is attached hereto as Exhibit 2.

8.  As a result of MOCAMBO's breach of charter party contract, Plaintiff has sustained damages in the principal amount of $65,864.26, exclusive of interest, arbitration costs and attorneys fees.

9.  Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

10.  Despite due demand, MOCAMBO has failed and/or refused to pay the sums due and owing to Plaintiff.

11.  Plaintiff is preparing to commence arbitration proceedings against MOCAMBO.

12.  Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English law. As best as can now be estimated, Plaintiff expects to recover the following amounts in an arbitration award conducted pursuant to English law:

| A. | Principal claim: | $65,864.26; |
| B. | Interest on claims: 2 years at 7.5%, compounded quarterly | $10,250.13 |
| C. | Estimated attorneys' fees and expenses: | $25,000; and |
| D. | Estimated arbitration costs: | $15,000. |
| **Total:** | | **$116,114.39.** |

13.     Upon information and belief, MOCAMBO uses ICEHILL as a "paying/receiving agent" or "pass through" entity such that it can insulate itself from creditors relating to its contracts.

14.     It is not general practice in the maritime industry, nor other industries, for independent companies to make or receive payments on behalf of other independent companies.

15.     Payments sent or received on behalf of another independent company are suggestive of a relationship that is not at "arms length."

16.     Upon information and belief, ICEHILL sends and/or receives payments and/or is directed to send and/or receive payments on MOCAMBO's behalf where ICEHILL has no contractual relationship, and/or debt or receivable, with MOCAMBO's customers, vendors or other trading partners.  ICEHILL has previously made remittances to Plaintiff on behalf of MOCAMBO in satisfaction of MOCAMBO's debt to Plaintiff.  See attached hereto as Exhibit 3 copies of such remittances.

17.     In the further alternative, Defendants are partners and/or joint venturers.

18.     In the further alternative, Defendants are affiliated companies such that ICEHILL is now, or will soon be, holding assets belonging to MOCAMBO, or vice versa.

19.     The Defendants cannot be found within this District within the meaning of

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

20.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants,

in the amount of **$116,114.39** calculated to date to secure the Plaintiff's claims, and that all

persons claiming any interest in the same be cited to appear and pursuant to Supplemental

Admiralty Rule B answer the matters alleged in the Complaint;

       D.     That this Court recognize and confirm any arbitration award(s) or judgment(s)

rendered on the claims set forth herein as a Judgment of this Court;

       E.     That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof;

       F.     That in the alternative this Court enter judgment against the Defendants on the

claims set forth herein;

       G.     That this Court award Plaintiff its attorney's fees and costs of this action; and

       H.     That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: May 22, 2008
       Southport, CT

                           The Plaintiff,
                           OY SOLCHART MANAGEMENT AB

                     By:                    
                           Kevin J. Lennon
                           Coleen A. McEvoy

                     LENNON, MURPHY & LENNON, LLC
                     420 Lexington Ave., Suite 300
                     New York, NY 10170
                     (212) 490-6050 – phone
                     (212) 490-6070 – fax
                     kjl@lenmur.com
                     cam@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                )    ss.:    Southport
County of Fairfield )

1.    My name is Coleen A. McEvoy.

2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      May 22, 2008
           Southport, CT

                                        Coleen A. McEvoy

# EXHIBIT 1

## Alexey Starodubov

| | |
|---|---|
| From: | Shiryaev Pavel [pavel@wsofb.onego.ru] |
| Sent: | Tuesday, January 15, 2008 8:46 PM |
| To: | Alexey Starodubov |
| Subject: | chrome ore ex Turkey to Baltic clean fixture |

Alexey/pavel

Good day

Pls find below clean fixture recap, all subs lifted:

MV "YURIY SAVINOV"/RUSSIAN FLG / ICE CLASS 1A BLT 1976, RUSS FLG/CREW, SINGLEDECKER,
DWT 14,204MT ON 8.54 M SWSD, LOA/BM/DEPTH 151,1/21.0/11.6M GRT/NRT 10,117/ 4,911
5HO/9HA, BL/GR 16,352/16,781 CBM DERRICKS 9 X 10MT SWL (UP 2.5 MT) HA SIZE: N.1 - 12.8
X 9.1M FOR/11.6M AFT - SINGLE HATCH
N.2/3/4 - 15.3 X (2 X 7.7M) - DOUBLE HATCHES
N.5 - 15.1 X (2 X 7.7M) - DOUBLE HATCHES ALL DETS ABOUT  -LAST 3 CARGOES: SAWNTIMBER /
BLK CLINKER / SAWNTIMBER  -ITINERARY/POSITION/ETA LPORT: UNDER WAY TO ALEXANDRIA WHERE
ETA 26TH JAN  ETS ALEXANDRIA 31ST JAN / ETA ISKENDERUN 2ND FEB WP/AGW -HEAD OWNERS:
SASCO, KHOLMSK, RUSSIA -DISPONENT OWNRS : OY SOLCHART MANAGEMENT AB, HELSINKI, FINLAND
-OWNS CONFIRM VSL / COMPANY ISM ARE CERTIFIED - YES -OWNS GUARANTEE THAT DURING THE
CURRENCY OF THIS C/P:
   VSL SHALL NOT CHANGE OWNERSHIP AND/OR CLASS WITHOUT CHARTERERES'
WRITTEN CONSENT - YES
-VSL IS FULLY P + I COVERED, WHICH SHALL BE MAINTAINED: THOMAS MILLER LTD., UK - YES -
draf on arrival: ABT 6MTS IN BALLAST CONDITION -hight of coaming fm water level: 7.1
MTRS IN BALLAST CONDITION -HEIGHT OF HOLDS: 1 - 9.08 MTRS , 2/3/4/5 - 10.48 MTRS -
HEIGHT OF HATCH COAMINGS: 1.2 MTRS

FOR:
- ACCNT: 'MOCAMBO SHIPPING'
  ACCNT ADDRESS: GRIGORIOU XENOPOUIOE, 17
  TOTALSERVE HOUSE
  P.C. 3106, LIMASSOL, CYPRUS
- 5 LAST FIXTURES:
  "ANTARES" - CHROME ORE
  "SIBIRSKIY-2133" - CHROME ORE
  "VELES" - SODA
  "AVALON" - SODA
  "ASTRA" - SODA
- 13500MTS 5 PCT MOLOO BLK CHROME ORE
 -LOADED/DISCHARGED QTTY WILL BE DETERMINATED by draft survey
- LOAD PORT - ISKENDERUN+MERSIN 1 SB AAAA
  TO BE LOADED 3 LOTS EACH ABOUT 3000 MTONS
  +/- 10 PCT INTO 3 DIFFERENT HOLDS AT PORT OF ISKENDERUN AND THE REST
CARGO INTO REST 2 HOLDS AT PORT
  OF MERSIN.
- DSCHARGE PORT- ST.PETERSBURG - 1 SBP AAAA;
- LAYCAN 02-05/02/2008;
- L/D 4000/2000 MT  PWWD OF 24 CONSEC. HRS
- AT LP TIME FROM 1700 HRS ON FRI OR A DAY PRECEDING A
  HOLIDAY TILL 0800 HRS ON MONDAY OR NEXT WORKING DAY NTC UU IUATUTC;
- AT DP TIME TO COUNT SHINC;
- NON REVERSIBLE LAYTIME;
- TIME TO COUNT UNTIL CARGO DOCUMENTS ARE ON BOARD THE VESSEL
  BENDS BUT AGENTS/SHIPPERS TO HAVE 2 RUNNING HRS FREE FOR THEIR
  PREPARATION;
- IF THE VESSEL'S HOLDS ARE FOUND NOT TO BE READY FOR LOADING
  TIME LOST AFTER REJECTION OF THE VESSEL UNTIL SHE IS AGAIN READY TO LOAD
  SHALL NOT COUNT AS LAYTIME EVEN IF ON DEMURRAGE;
- FREIGHT RATE: USD 70,- FMT FIO SPOUT/GRAB/TRIMMED BSS 2/1;
- ICE DUES / ICE BREAKER ASSISTANCE "IN" AND "OUT" AT DISCH
  PORT, IF ANY,TO BE FOR OWNERS' ACCOUNT AND TO BE MENTIONED AT FRT
- FREIGHT PAYABLE IN FULL LESS COMMISSION ONLY W/I 3 BDAYS
  AFTER S/R FREIGHT PAYABLE AS PER C/P' BS/L INTO OWNERS/MANAGERS
  NOMINATED BANK;

1

- FREIGHT DEEMED EARNED ON SIGNING BS/L DISCOUNTLESS AND NON
  RETURNABLE SHIP AND/OR CARGO LOST OR NOT LOST;
- IF THE CHARTERERS REQUIRE "CLEAN ON BOARD" BS/L, THEN
  MASTER HAS RIGHT TO REJECT ANY DAMAGED CARGO AND SHIPPERS TO REPLACE
  SAME BY SOUND ONE;
- DEM USD 9.500 PDPR/FD BE;
- DEMURRAGE, IF ANY, TO BE PAID W/I 15B ANKING DAYS UPON
  PRESENTATION OF LAYTIME CALCULATION AND RELEVANT SUPPORTING DOCUMENTS:
  SOF, NOR EVEN BY FAX/E-MAIL;
- LAYTIME CALCULATION AND SOF + NOR TO BE SENT TO CHARTERERS VIA
  BROKERS TOGETHER WITH FREIGHT INVOICE AFTER SIGNING B/L;
- N.O.R. TO BE TENDERED W/W/W/W VIA CABLE / TLX / VHF WITHIN
  OFFICIAL OFFICE HRS BENDS
- OFFICIAL OFFICE HRS 08:00-17:00 MON-FRI
- HOLIDAYS AS PER BIMCO CALENDAR 2008 TO APPLY;
- 2PM/8AM CLAUSE TO APPLY AT BENDS;
- CHRTRS AGENTS BOTH ENDS
-LOADPORT:
  TEM-MAR SHIPPING AGENCY LTD.
  Ismet Inonu Bulvar? Anadolu Hayat Sig.Binas?
  Kat.6 No.604 MERSIN
  TEL : + 90 324 2335954 (pbx)   238 95 60 / 238 95 74 / 2387267 (direct)

  FAX : + 90 324 2314754 or 2376425 or 238 96 68
  M.I.C.;
  Mr. Erol Yamut / General Manager   Cell Phone : +90 532 462 39 09
  Mr. Mustafa Ozer / Port Operations  Cell Phone : +90 532 273 69 94
  agency@temmar.com.tr
-DISPORT:
  Baltic Reefer Lines - St.Petersburg
  Ph:    7-812-326-6224
  Fax :  7-812-326-6225
  Mob:   7-812-963-4515
  agency@brl.spb
- ANY TAXES/DUES ON CARGO/FREIGHT TO BE FOR CHARTERERS ACCNT;
- ANY TAXES/DUES ON VESSEL FOR OWNERS ACCNT;
- EXTRA INSURANCE, IF ANY, FOR CHARTERERS ACCNT;
- GA TO BE LONDON AS PER Y/A RULES 1994;
- ARB IN LONDON, ENGLISH LAW TO APPLY, LMAA SMALL CLAIMS
  PROCEDURE TO APPLY;
- C/P TO INCORPORATE GENERAL PARAMOUNT CLAUSE, NEW JASON CLAUSE,
  BOTH TO BLAME COLLISSION CLAUSE AND P+I BUNKER DEVIATION CLAUSE;
- BIMCO ISPS CLAUSE FOR VOYAGE CHARTERS ALWAYS IN FORCE
- O/W AS PER CLEAN GENCON 94 LOGICALLY AMENDED FROM FIXTURE
  RECAP AND TERMS OF FIXTURE RECAP PREVAIL ON TERMS OF C/P.
- TTL 3.75 PCT COMMISSION ON F/D/D;
END
For good order pls reconfirm

White Sea & Onego Freight Bureau as broker only Petrozavodsk,Russia
Phn.    +7-8142-73 21 73
Phn/fax. +7-8142-73 24 04
mob.7-921-221 35 44
e-mail:Pavel@wsofb.onego.ru
skype:Shiryaev_Pavel
Best Regards
Pavel Shiryaev

# EXHIBIT 2



**OY SOLCHART Management Ab**

Kajaaninlinnantie 7A
00990, Helsinki, Finland
Telephone:    + 358 9 34 17 600
Fax:          + 358 9 34 17 6060
Telex:        +( 54) 62067 SOLCHART S
E-MAIL:       MAIL @ SOLCHART . FI



**SOLCHART**

| Bank accounts | | |
|---|---|---|
| | CREDIT SUISSE, Geneva | |
| EURO | Acc No 0251-521464-52-1 | |
| USD | Acc No 0251-521464-52 | |
| | NORDEA, Helsinki | |
| EURO | Acc No 102330-211776 | |
| USD | Acc No 102352-10882 | |
| REG | 1651440-1 | |
| VAT | FI16514401 | |

## Fax message

## D E M U R R A G E   I N V O I C E

TO        : Mssrs "MOCAMBO SHIPPING LTD."
            GRIGORIOU XENOPOULOE 17, TOTALSERVE HOUSE
            3106 LIMASSOL, CYPRUS

Invoice No  : 02/07A08 D.

DATE & TIME : 31/03/08

SUBJECT    : Demurrage for mv 'YURIY SAVINOV'

VOYAGE     : ISDEMIR + MERSIN / ST. PETERSBURG

ACCOUNT    : "MOCAMBO SHIPPING LTD."      B/L DATED : 12/02/08

| | Description | Number of MT | Debit | | Credit | |
|---|---|---|---|---|---|---|
| | Demurrage | | | | $ | 68 430,40 |
| | l/d ports | | | | | |
| 3,75% | Commission | | $ | 2 566,14 | | |
| | | Total | $ | 2 566,14 | $ | 68 430,40 |
| | | Total due to pay | | | $ | 65 864,26 |

*Amount to be remitted latest 13-04-08 on our acc of USD*        $      65 864,26

Bank CREDIT SUISSE, Geneva :
USD Acc.No 0251-677 591-82
IBAN: CH83 0425 1067 7591 8200 0
Swift:  CRESCH ZZ12A
in favour of:  "MOBILIM S.A." , GENEVA
with ref mv 'YURIY SAVINOV'  02/07A08 D.

EXHIBIT 3

**Nordea**
1820 Foreign Customer Services

ARCTIC SPIRIT LIMITED

ACCOUNT STATEMENT    032 / 2008
Date
05.05.2008
Sight curr.deposit acc          Currency
182042-5468                     USD
IBAN
FI77 1820 4200 0054 68

Page   1
Period
05.05.2008

SWIFT/BIC
NDEAFIHH

| Filing code<br>Payee's account no | Pdate<br>Vdate | Payee / Payer<br>Message | Trans<br>no | Amount |
|---|---|---|---|---|
| | | 29.04.2008 Balance | | |
| Entry date—05.05. | | | | |
| 0502A2584SM1000266 | 05.05.<br>05.05. | Nordea Bank Finland Plc<br>730 Service fee VAT 0%<br>2584SMM0852327<br>Equivalent 6,75—<br>EUR rate 1,5540000 | / 1 | - |
| 0502A2584SM1000255 | 05.05.<br>05.05. | 1/ICEHILL INDUSTRIES LIMITED<br>710 Currency payment<br>2584SMM0852327<br>MV ARCTIC SPIRIT 01/17h08 F<br>ORIG. AMOUNT USD      346 607,73<br>FOREIGN BANK'S CHARGES  USD    15,00<br>BENEFICIARY INDICATED BY REMITTER<br>OY SOLCHART MANAGEMENT AB<br>Equivalent 223.032,64+<br>EUR rate 1,5640000<br>SENDER'S ADDRESS<br>1/ICEHILL INDUSTRIES LIMITED<br>2/ROOM 813 8/F HOLLYWOOD PLAZA 8<br>2/10 NATHAN ROAD | / 2 | 346.592,73+ |
| 0505B2584LV-328574 | 05.05.<br>05.05. | BALTIC REGIONAL ORGANIZATION O<br>720 Currency payment<br>328574<br>SAINT-PETERSBURG 198035<br>RUSSIA<br>40703840315005000009<br>ICSPRUZP<br>MV A.SPIRIT /1-3.2008<br>Equivalent 1.772,22—<br>EUR rate 1,5458000<br>PAYER DETAILS:<br>C/O SOLCHART MANAGEMENT OY<br>10, KORPUS 2, DVINSKAYA ULITSA, | / 3 | |
| 0505B2584LV-328575 | 05.05.<br>05.05. | ITAKA INTERNATIONAL GROUP<br>720 Currency payment<br>328575<br>LV94AIZK0001140004943<br>AIZKLV22<br>INV.65/805 MV A.SPIRIT<br>Equivalent 7.633,59—<br>EUR rate 1,5458000<br>PAYER DETAILS:<br>C/O SOLCHART MANAGEMENT OY | / 4 | -0— |
| 0505B2584LV-329533 | 05.05.<br>05.05. | EXFORD SERVICES CORP.<br>720 Currency payment<br>329533<br>DE47201200000021041009<br>BEGODEBB<br>RETURN LOAN APTIL 2008<br>Equivalent 1.407,19—<br>EUR rate 1,5460000<br>PAYER DETAILS:<br>C/O SOLCHART MANAGEMENT OY | / 5 | |

VOY 17A/2008

VOY 17A/2008

VOY 17A/2008

Printed by customer
Nordea Bank Finland Plc, Aleksinterinkatu 36, FIN-00020 NORDEA, domicile Helsinki, Business Identity Code 1680235-8

21/05 2008 FAX     OY SOLCHART MANAGEMENT – SOLCHART          001

International transmission                                    Page 1

# AB.LV
Aizkraukles Banka Latvija                    international transmission

| Status | Passed for execution |
|---|---|
| Order No. | 26 |
| Client's account number | LV91 AIZK 0001 1401 0287 0 |
| Client | ICEHILL INDUSTRIES LIMITED |
| Date | 02.05.2008 |
| Sum and currency | 346607.73 USD |
| | |
| Recipient's data: | |
| Recipient | OY SOLCHART MANAGEMENT AB |
| Reg. No./ pers. code | |
| State code | |
| Receiver's address | |
| Receiver's account number | F17718204200005468 |
| Code of out-payment | |
| Information in respect of the receiver | MV ARCTIC SPIRIT 01/17A08F |
| | |
| Receiver's bank data | |
| Bank of receiver | NORDEA BANK FINLAND PLC |
| Receiver's bank code | SWIFT NDEAFIHHXXX |
| Code of state | FINLAND – FI |
| Receiver's bank address | Helsinki |
| Account number in intermediary bank | |
| Additional information about receiver's bank | |
| | |
| Intermediary bank data | |
| Intermediary bank | |
| Code of intermediary bank | |
| | |
| Information about transmission | |
| Type of transmission | Express |
| Commission | OUR |
| The sum of order should be signed off from account | in currency of transmission |

02/05/2008

Международное перечисление                                            Стр. 1 из 1



Международное перечисление

| Статус | ☺ - Передан на исполнение |
|---|---|
| Распоряжение № | 26 |
| Номер счета клиента | LV91 AIZK 0001 1401 0287 0 |
| Клиент | ICEHILL INDUSTRIES LIMITED |
| Дата | 02.05.2008 |
| Сумма и валюта | 346607.73 USD |

**Сведения о получателе:**

| Получатель | OY SOLCHART MANAGEMENT AB |
|---|---|
| Рег.№/перс.код | |
| Код государства | |
| Адрес получателя | |
| Номер счета получателя | FI7718204200005468 |
| Код внешнего платежа | |
| Информация получателю | MV ARCTIC SPIRIT 01/17AO8 F |

**Сведения о банке получателя:**

| Банк получателя | NORDEA BANK FINLAND PLC |
|---|---|
| Код банка получателя | SWIFT NDEAFIHHXXX |
| Код государства | FINLAND - FI |
| Адрес банка получателя | HELSINKI |
| Номер счета в банке-посреднике | |
| Дополнительная информация о банке получателя | |

**Сведения о банке-посреднике:**

| Банк-посредник | |
|---|---|
| Код банка-посредника | |
| Адрес банка-посредника | |

**Характеристика перечисления:**

| Вид перечисления | Экспресс |
|---|---|
| Комиссия | OUR |
| Сумму распоряжения списать со счета | в валюте перечисления |

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

JUDGE CASTEL

'08 CIV 4793

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

OY SOLCHART MANAGEMENT AB,                    :        08 Civ. _____

                  Plaintiff,                          :

  - against -                                    :        

MOCAMBO SHIPPING LTD. and                     :
ICEHILL INDUSTRIES LTD.,                       :

                Defendant.                          :
---------------------------------------------------------------X

### DISCLOSURE OF INTERESTED PARTIES
### PURSUANT TO FEDERAL RULE 7.1

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure to enable judges and magistrates

of the court to evaluate possible disqualification or recusal, the undersigned attorney of record for the

Plaintiff certifies that the following are corporate parents, subsidiaries, or affiliates of the Plaintiff:

NONE.

Dated: May 22, 2008
      New York, NY

                        The Plaintiff,
                        OY SOLCHART MANAGEMENT A.B.

By:_____
      Kevin J. Lennon
      Charles E. Murphy
      Coleen A. McEvoy
      LENNON, MURPHY & LENNON, LLC
      The Gray Bar Building
      420 Lexington Ave., Suite 300
      New York, NY 10170
      (212) 490-6050
      facsimile (212) 490-6070
      kjl@lenmur.com
      cem@lenmur.com
      cam@lenmur.com

08 - CV - 4793
*Docket no.*

### THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York (or designated process server) - GREETINGS:

WHEREAS a Verified Complaint has been filed in the United States District Court for the Southern District of New York on the 22nd day of May 2008 by

OY SOLCHART MANAGEMENT AB,

Plaintiff,

against

MOCAMBO SHIPPING LTD. and ICEHILL INDUSTRIES LTD.,

Defendant,

in a certain action for breach of maritime contract wherein it is alleged that there is due and owing from the Defendant to the said Plaintiff the amount of **$116,114.39** and praying for process of maritime attachment and garnishment against the said Defendant

WHEREAS, this process is issued pursuant to such prayer and requires that a garnishee(s) shall serve their answer(s), together with answers to any interrogatories served with the Complaint, within 20 days after service of process upon him and requires that Defendant shall its answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendant cannot be found within the District you attach goods and chattels to the amount sued for, and if such property cannot be found that you attach other property, credit and effects to the amount sued for in the hands of:

ABN Amro, American Express Bank, Bank of America, Bank of New York, Bank of China, BNP Paribas, Citibank, Deutsche Bank, Fortis Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, UBS, and/or Wachovia Bank N.A.

to wit: property, letters of credit, deposits, funds, credits, bills of lading, debts, settlement agreements, or other assets, tangible or intangible, in whatever form of:

MOCAMBO SHIPPING LTD. and/or ICEHILL INDUSTRIES LTD.,

and that you promptly after execution of this process, file the same in this court with your return thereon.

WITNESS, the Honorable KEVIN P. CASTEL, Judge of said Court, this 22nd day of May 2008, and of our Independence the two-hundred and thirty-second.

Lennon, Murphy & Lennon, LLC
Attorneys for Plaintiff
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050

J. MICHAEL McMAHON
Clerk

By: _Edward Demun_
Deputy Clerk

*NOTE: This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and/or New York Civil Practice Law and Rules, Article 62.*

CERTIFIED AS A TRUE COPY ON

THIS DATE ___5-22-08___

BY ___Edward Demun___
( ) Clerk
(X) Deputy

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/22/08

$C_{ASTE} L_J$

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

OY SOLCHART MANAGEMENT AB,

                    Plaintiff,

    - against -

MOCAMBO SHIPPING LTD. and
ICEHILL INDUSTIRIES LTD.

                Defendant.

-------------------------------------------------------------------X

:   08 CV 4793

:   ECF CASE

:   **EX PARTE ORDER**
:   **FOR PROCESS**
:   **OF MARITIME**
:   **ATTACHMENT**

:

      **WHEREAS**, on May 22, 2008 Plaintiff, OY SOLCHART MANAGEMENT AB, filed a

Verified Complaint, herein for damages amounting to **$116,114.39** inclusive of interest, costs and

reasonable attorneys' fees, and praying for the issuance of Process of Maritime Attachment and

Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and

Maritime Claims of the Federal Rules and Civil Procedure; and

      **WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the

United States Marshal, or other designated process server, attach any and all of the Defendants'

property within the District of this Court; and

      **WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit,

and the conditions of Supplemental Admiralty Rule B appearing to exist:

      **NOW**, upon motion of the Plaintiff, it is hereby:

      **ORDERED**, that pursuant to Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment

against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and

monies, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire or any other

funds or property up to the amount of **$116,114.39** belonging to, due or being transferred to, from or

for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' names or as may be held, received or transferred for their benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is further

ORDERED that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

ORDERED that following initial service by the U.S. Marshal, or other designated process server, upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further *provided garnishee consents to same.*

ORDERED that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service is further deemed to be effective through the end of the next business day, provided that another service is made that day; and it is further *provided garnishee consents to same*

ORDERED that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means.

Dated: May 22, 2008

SO ORDERED:

_____

U. S. D. J.

CERTIFIED AS A TRUE COPY ON

THIS DATE ___5-22-08___

BY _____

( ) Clerk
(✗) Deputy

Amended: January 10, 2008

### INDIVIDUAL PRACTICES OF JUDGE P. KEVIN CASTEL
**United States Courthouse**
**500 Pearl Street**
**New York, New York 10007**
**web site: www.nysd.uscourts.gov**

Unless otherwise ordered, matters before Judge Castel shall be conducted in accordance with the following practices:

**1. Communications with Chambers**

**A.     Letters.**   Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Letters may be sent to chambers via fax, (212) 805-7949, provided they do not exceed five pages in length. If a fax is transmitted to chambers, it should not also be mailed or delivered to chambers. Letters should not be filed on ECF.

**B.     Telephone Calls.**   For docketing, scheduling and calendar matters, call the Courtroom Deputy, Drew D'Agostino, at (212) 805-0131 between 8:30 A.M. and 5:00 P.M. Telephone calls to chambers are permitted only in emergency situations requiring immediate attention, (212) 805-0262.

**C.     Requests for Adjournments or Extensions of Time.**   All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, the request (in a civil case) must attach a proposed Revised Case Management Plan and Scheduling Order (reflecting dates which are business days). If the request is for an adjournment of a court appearance, absent an emergency, it shall be made at least 48 hours prior to the scheduled appearance. Requests for adjournments should be transmitted to chambers and not filed on ECF.

**D.     ECF.**   Counsel for all parties, are required to register as ECF users in accordance with the Procedures for Electronic Case Filing and file a Notice of Appearance in each case.

**2. Motions**

    **A.**

        **1. Pre-Motion Conferences in Civil Cases.**   For discovery motions, follow Local Civil Rule 37.2 Southern District. For motions other than discovery motions in a civil case, a pre-motion conference with the court is required, except for motions described in Subparagraph A(2). To arrange a pre-motion conference, the moving party shall submit a letter not to exceed five pages in length setting forth in detail the basis for the anticipated motion and other parties may respond in a letter not to exceed five pages within three business days.

**2. No Pre-Motion Conference Required.** Sub-paragraph A(1) above does not apply to any of the motions described in Rule 6(b), Federal Rules of Civil Procedure, Rules 4(a)(4)(A), Federal Rules of Appellate Procedure, or section 1447 of title 28 nor does it apply to motions brought on by order to show cause, motions by incarcerated pro se litigants, motions for a default judgment, motions for appointment of lead counsel under the PSLRA, motions for admission pro hac vice and motions for reconsideration or reargument. A pre-motion conference is not required before making such motions.

**B.     Courtesy Copies.**

**1. Pleadings:** Courtesy copies of pleadings, marked as such, shall be submitted to chambers as soon as practical after filing, in accordance with the SDNY policies regarding mail deliveries.

**2. Motion Papers:** Courtesy copies of all motion papers (in both ECF and non-ECF cases), marked as such, shall be submitted to chambers at the time the papers are served, in accordance with the SDNY policies regarding mail deliveries.

**C.     Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

**D.     Filing of Motion Papers.**  Motion papers shall be filed promptly after service.

**E.     Oral Argument on Motions.**  Parties may request oral argument by letter at the time their moving, opposing or reply papers are filed. The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**F.     Summary Judgment.**  The Local Rule 56.1(a)(2) Statement by the party opposing summary judgment shall set forth verbatim the text of each paragraph of the Local Rule 56.1(a)(1) Statement immediately preceding its response thereto.

**3. Pretrial Procedures**

**A.     Joint Pretrial Orders in Civil Cases.**  Unless otherwise ordered by the Court, within 30 days following completion of discovery in a civil case, the parties shall submit to the Court for its approval a Joint Pretrial Order, that includes the information required by Federal Rule of Civil Procedure 26(a)(3), and the following:

i.     The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

ii.     A brief summary by each party of the claims and defenses that the party has asserted which remain to be tried, without recital of evidentiary matter, but including citations to all statutes relied on.   Any claim or defense not so identified is deemed withdrawn.

-3-

      iii.   A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

      iv.   A page and line designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

      v.   A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

      vi.   A statement confirming that trial counsel have met and conferred face-to-face with a view towards reaching stipulations of fact and setting forth the content of any stipulation.

      vii.   A statement of the damages claimed and any relief sought, including the manner and method used to calculate the claimed damages and a breakdown of its elements.

    **B.**    **Filings Prior to Trial in Civil Cases.**  Unless otherwise ordered by the Court, the parties shall file with the Joint Pretrial Order:

      i.   In jury cases, proposed voir dire questions, verdict form and requests to charge;

      ii.   In non-jury cases, proposed findings of fact and conclusions of law;

      iii.   The parties are required to meet and confer regarding items i. or ii. and make a joint submission in areas where agreement is reached and separate submissions in areas where no agreement is reached. Unless otherwise agreed upon by the parties, the party with the burden of proof should prepare the initial draft in sufficient time for the other side to respond; only the final result of this meet and conferral process should be submitted to the Court. When feasible, items i. and ii. should be submitted, in addition to hard copy, on a 3.5" diskette or CD-Rom in Microsoft Word version Office 2000 or WordPerfect version 9 or higher format;

      iv.   Motions in limine addressing any evidentiary or other issues that should be resolved prior to empanelling a jury.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Oy Sochart Management AB
                    Plaintiff(s),

                    -against-

Mocambo Shipping, et al.                    08 Civ. 4793 (PKC)
                    Defendant(s).

ECF CASE

ORDER SCHEDULING
INITIAL PRETRIAL CONFERENCE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/28/08

P. KEVIN CASTEL, United States District Judge.

        Counsel for all parties are directed to appear before the
undersigned for an initial pretrial conference, in accordance
with Rule 16 of the Federal Rules of Civil Procedure on July 18,
2008 at 2:30 p.m. in Courtroom 12C at the United States
Courthouse, 500 Pearl Street, New York, New York. **COUNSEL FOR
PLAINTIFF IS DIRECTED TO IMMEDIATELY SEND A COPY OF THIS NOTICE
TO ALL PARTIES.** Principal trial counsel must appear at this and
all subsequent conferences.

**This case has been designated an electronic case and has been
assigned to me for all purposes. By the date of the initial
pretrial conference counsel for all parties are required to
register as filing users in accordance with the Procedures for
Electronic Case Filing and file a Notice of Appearance.**

**The parties are directed to submit a joint letter five business
days prior to the conference addressing the following in
separate paragraphs:** (1) a brief description of the case,
including the factual and legal bases for the claim(s) and
defense(s); (2) any contemplated motions; and (3) the prospect
for settlement. For the Court's convenience, the parties are
requested to set forth the date and time of the Conference in
the opening paragraph of the joint letter. The parties are
directed to consult the undersigned's Individual Practices and
to confer on a Case Management Plan. See the Court's internet
site: www.nysd.uscourts.gov/judges/USDJ/castel.htm. The jointly
proposed Case Management Plan should be submitted in writing to
the Court at the conference. Requests for adjournment of the
conference will be considered only if made in writing and
otherwise in accordance with the undersigned's Individual
Practices.

                    SO ORDERED.

                                        P. Kevin Castel
                                   United States District Judge

Dated: May 27, 2008
       New York, New York

# EXHIBIT 2

**Kevin J. Lennon**

| | |
|---|---|
| **From:** | Mary E. Fedorchak |
| **Sent:** | Monday, June 02, 2008 8:29 AM |
| **To:** | Kevin J. Lennon |
| **Subject:** | FW: Delivered_Shipments |

| | |
|---|---|
| **TimeMattersID:** | M8B909ACAD77D537 |
| **TM Matter No:** | 1440-08 |
| **TM Matter Reference:** | OY Solchart Management AB v. Mocambo Shipping Ltd. |

FYI - Delivery notice for OY Solchart attachment notice.
-----Original Message-----
From: Worldwide_Express_Email_Notifier [mailto:support@wwexship.com]
Sent: Monday, June 02, 2008 7:59 AM
To: Mary E. Fedorchak; logs@wwexship.com
Subject: Delivered_Shipments

Our records indicate that the following shipment was delivered to:

AB MOCAMBO SHIPPING LTD.
LIMASSOL        ,     00000

| | |
|---|---|
| Tracking Number: | 8906900446 |
| Account Number: | 803172641 |
| Shipment Reference: | 1440 |
| Shipment Description: | legal documents |
| Delivery Date/Time: | 06/02/08 10:30 |
| Signed/Released by: | IRINI |

Click here for more tracking info:
http://track.dhl-usa.com/atrknav.asp?ShipmentNumber=8906900446

1